■ In the Matter of BARBARA H. BENJAMIN, as Parent of MICHELLE BENJAMIN, an Infant, Appellant, v CESAR A. PERALES, as Commissioner of the New York State Department of Social Services, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Cesar A. Perales, Commissioner of the New York State Department of Social Services, dated July 22, 1987, which confirmed a determination of the local agency that the petitioner, on behalf of her daughter, was not entitled to Emergency Assistance for Aged, Blind and Disabled Persons to pay for telephone arrears, the appeal is from a judgment of the Supreme Court, Kings County (Held, J.), entered October 20, 1986, which dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner applied for a grant of Emergency Assistance for Aged, Blind and Disabled Persons on behalf of her disabled daughter to pay for arrears in telephone bills and avert a threatened termination of telephone service.

To establish eligibility for a grant of Emergency Assistance for Aged, Blind and Disabled Persons a recipient of Supplementary Security Income must show first that he has a need that is specified in Social Services Law § 303 and second, that if not met, the need would endanger the health, welfare or safety of the applicant (Social Services Law § 302).

The petitioner has not established that telephone arrears are a need within the purview of Social Services Law § 303 (1) (m). Under this statute and the operative regulation found at 18 NYCRR 397.5 *(l)* (3), a household expense must be "necessary to prevent eviction". Neither telephone arrears nor a private household telephone fits within this definition. Kunzeman, J. P., Eiber, Spatt and Sullivan, JJ., concur.